```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

TRUSTEES OF THE NATIONAL              :
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, et al.                  :

    v.                                : Civil Action No. DKC 2008-2220

                                    :

UNITED AUTOMATIC SPRINKLERS,
INC.                                  :

**MEMORANDUM OPINION**

Pending before the court are Plaintiffs' motion for default judgment (paper 10) and supplemental motion for default judgment (paper 12).

The complaint was filed August 26, 2008.  Plaintiffs allege that following an audit in August of 2007, contributions in the amount of $71,029.88 plus interest and liquidated damages were found due to Plaintiffs by the Defendant.  The parties entered into a Settlement Agreement and Promissory Note allowing Defendant to make monthly payments with interest and waiving the liquidated damages.  The complaint alleges that Defendant defaulted on the terms of that settlement and owed $61,834.12.  The complaint also sought costs, interest and attorneys fees, and contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment.  The parties again reached a settlement and this case was dismissed without prejudice to the right of a party to move for good cause to reopen this action if settlement was not consummated within 90 days (paper 5).

Plaintiffs moved to reopen the case on December 16, 2008, alleging that Defendant had defaulted on the second settlement agreement.  The case was reopened.  On February 20, 2009, Plaintiffs moved for the entry of default for want of answer or other defense (paper 9) and for default judgment (paper 10).  The Clerk of Court entered default for want of answer or other defense by the Defendant on March 20, 2009.

Plaintiffs' motion for default judgment requests judgment against the Defendant for Defendant's default of the original Settlement Agreement and Promissory Note and liquidated damages which were waived under that Settlement Agreement.  Plaintiffs also request liquidated damages and late contributions for the months of December, 2007, through December, 2008.

Plaintiffs' motion for entry of judgment by default seeks sums not sought in the initial complaint and will only be granted in part.  Fed. R. Civ. P. 54(c) provides in part that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Although there are circumstances where the result is different,

> When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages.  *See, e.g., Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir.1979); *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan.App.2d 393, 808 P.2d 881, 886 (Kan.Ct.App.1991).  A default judgment cannot be greater than the specific amount sought because the defendant could not reasonably

2

>      have expected that his damages would exceed
>      that amount.

*In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  Here, the complaint sought damages for the months of April 2005 through March 2007, in the amount of $61,834.12 for contributions and liquidated damages, plus costs, interest, and attorneys' fees.  Although the complaint also sought damages "which become due subsequent to the filing of this action," the court declines to award damages that were not specified in the complaint.  Furthermore, Plaintiffs recite that Defendant has already paid some of the amounts originally sought.  Accordingly, judgment will be entered only for the remaining sums due based on the initial complaint, reduced by the sums already paid.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge